UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CYPRESS REAL ESTATE HOLDINGS, INC. and Greg Wright,**<br><br>Defendants. | Civ. No. 2:14-6544<br>(KM)(MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of Plaintiff Days Inns Worldwide, Inc. ("DIW") for default judgment against Defendants Cypress Real Estate Holdings, Inc. ("Cypress") and Greg Wright, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 10) This action arises from an alleged breach of a licensing agreement. For the reasons set forth below, I will enter a default judgment in the amount of $162,926.31. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. §1961.

**I.   BACKGROUND**

  **a. The License Agreement and Guaranty**

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (Am. Compl. ¶1, ECF No. 6) Cypress is a Florida corporation with its principal place of business in Orlando, Florida. (*Id.* ¶2) Greg Wright, a Florida citizen, is a principal of Cypress. (*Id.* ¶3)

On or about September 13, 2000, DIW entered into a License

Agreement with Cypress. (*Id.* ¶8 (citing Ex. A ("Agreement"))) The License Agreement authorized Cypress to operate a 118-room Days Inn guest lodging facility located at 6320 Windmere Road, Brooksville, Florida 34602, designated Site No. 13356-90116-01 (the "Facility"). (*Id.*)

Cypress was obligated to operate the Facility for a fifteen-year term. (*Id.* ¶9 (citing Agreement §5))

Cypress was required to make certain periodic payments to DIW for "royalties, taxes, interest, reservation system user fees, and other fees" ("recurring fees"). (*Id.* ¶10 (citing Agreement §7, Schedule C))

Cypress was required to pay interest "on any past due amount . . . at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." (*Id.* ¶11 (citing Agreement §7.3))

The License Agreement also required Cypress to submit monthly reports to DIW disclosing, *inter alia*, "the amount of gross room revenue earned by Cypress at the Facility for purposes of establishing the amount of royalties and other Recurring Fees due to DIW." (*Id.* ¶12 (citing Agreement §3.8)) Cypress also agreed to maintain "accurate financial information, including books, records, and accounts," and to allow DIW to "examine, audit, and make copies" of these records. (*Id.* ¶13 (citing Agreement §§3.8, 4.8))

DIW had the right to terminate the License Agreement, with notice to Cypress, if Cypress lost possession or the right to possession of the Facility. (*Id.* ¶14 (citing §11.2)) In the event of termination, Cypress was required to "pay all amounts owed to [DIW] under [the License] Agreement within 30 days." (Agreement §13.2)

In the event of litigation, the losing party was required to pay "all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party." (Am. Compl. ¶15 (citing Agreement §17.4))

2

Wright provided DIW with a Guaranty of Cypress's obligations under the License Agreement, effective as of the date of the License Agreement. (*Id.* ¶17 (citing Ex. D)) The Guaranty required Wright, upon a default under the License Agreement, to "immediately make each payment and perform or cause [Cypress] to perform, each unpaid or unperformed obligation of [Cypress] under the [License] Agreement." (*Id.* ¶18 (quoting Ex. D)) Because the License Agreement required the losing party at litigation to pay the other party's costs, the Guaranty made Wright personally responsible for those costs as well. (*Id.* ¶19)

### b. The defaults and termination

On or about October 18, 2011, Cypress lost possession of the Facility to a third party. (*Id.* ¶20) At that time, Cypress owed outstanding recurring fees to DIW. (*Id.* ¶21) Neither Cypress nor Wright has paid the outstanding recurring fees to DIW. (*Id.* ¶22)

DIW now seeks a judgment against Cypress and Wright, jointly and severally, awarding remedies provided for in the License Agreement. Specifically, DIW seeks a total of $162,926.31, comprising (1) $157,150.32 in unpaid recurring fees plus prejudgment interest on those fees; and (2) $5,775.99 in attorneys' fees and costs. (*See* Proposed Order, ECF No. 10-1)

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as the parties are diverse and the amount in controversy exceeds $75,000. Cypress and Wright have consented "to the non-excusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey." (Am. Compl. ¶5, Agreement §17.6.3, Ex. D)

### II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of a default judgment is left primarily to the discretion

of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d §2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a

meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### III. DISCUSSION

#### a. Adequate Service & Defendants' Failure to Respond

The prerequisites for default judgment have been met: Cypress and Wright have been properly served, and each has failed to file an answer or otherwise respond to the Complaint within twenty-one days pursuant to Fed. R. Civ. P. 12(a). The clerk entered default on March 26, 2015.

Service of Cypress, a corporate entity, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

Service of the individual defendant, Wright, may be made under the Federal Rules by

doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

In this case, DIW successfully served Cypress and Wright on January 5, 2015. (*See* ECF No. 7) The time to respond to the Complaint has long since expired. On March 26, 2015, the clerk entered default as to both defendants. Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

### b. Gold Kist factors

I must now evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

#### i. Meritorious defense (*Gold Kist* factor 1)

As to the first factor, my review of the record reveals no suggestion that DIW's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5. Accepting the factual allegations as true, I find that DIW has stated a claim for breach of the License Agreement and the Guaranty.

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party

stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).[1]

I am satisfied that DIW has set forth a sufficient claim for breach of contract, and I cannot, from the limited materials before me, see any meritorious defense. DIW has shown the existence of two valid contracts: the License Agreement and the Guaranty. DIW has alleged facts demonstrating that Cypress and Wright are bound by the License Agreement and Guaranty; that they are obligated to pay recurring fees; that the License Agreement was terminated when Cypress lost possession of the Facility; that Cypress and Wright failed to pay outstanding recurring fees prior to and following the termination of the License Agreement; and that DIW has incurred damages as a result of this failure to pay recurring fees. There are no facts indicating that DIW breached any of its obligations under either the License Agreement or Guaranty.

Therefore, I cannot discern any meritorious defenses to DIW's allegations.

> ii. Prejudice suffered by party seeking default & culpability of the parties subject to default (*Gold Kist* factors 2, 3)

The second and third factors also weigh in favor of default. Cypress and Wright were properly served on January 5, 2015, but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery,

---

[1] Pursuant to Section 17.6 of the License Agreement (and the Guaranty that incorporates Section 17 of the License Agreement), New Jersey law applies in this diversity action. (Am. Compl. Ex. A, D)

and seeking relief in the normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id.* And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on the record is that Cypress and Wright breached their obligations under the License Agreement and the Guaranty; that they, not DIW, were culpable for the breach; and that DIW was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### c. Remedies

DIW seeks two specific types of compensation, totaling $162,926.31. Specifically, DIW seeks: (1) $157,150.32 for unpaid recurring fees plus prejudgment interest at the contractual rate; and (2) $5,775.99 for attorneys' fees and costs. (Proposed Order, ECF No. 10-1)

DIW has submitted documentary evidence in support of its demands, while Cypress and Wright have, obviously, submitted nothing. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant DIW's request for recurring fees, as set forth in Section 7 and Schedule C of the License Agreement. (Fenimore Aff. ¶18[2]) DIW

---

[2] Fenimore Aff. = Affidavit of Suzanne Fenimore, dated June 8, 2015, submitted, submitted in support of DIW's motion for default judgment, ECF No. 10-3.

has documented recurring fees in the amount of $157,150.32, which includes interest at a rate of 1.5% per month calculated through May 29, 2015.[3] (*Id.* (citing Ex. E (itemized statement of recurring fees)))

As to attorneys' fees and costs, I adopt DIW's analysis. DIW has adequately documented its attorneys' fees, which do not seem unreasonable or disproportionate. (*See* Agreement §17.4 (giving prevailing party the right to recover reasonable attorneys' fees); Fenimore Aff. ¶19; Couch Cert.[4] ¶¶12–14, Ex. D). I will enter a judgment that includes $4,000 in attorneys' fees and $1,775.99 in costs, for a total of $5,775.99.

## IV. CONCLUSION

For the foregoing reasons, a default judgment will be entered in favor of Plaintiff Days Inns Worldwide, Inc., in a total amount of $162,926.31, to be paid to Plaintiff, along with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. §1961.

An appropriate order will be entered in accordance with this Opinion.

Dated: July 27, 2015

**Kevin McNulty**
**United States District Judge**

---

[3] Ordinarily, a plaintiff would have sought liquidated damages to compensate for any forecasted recurring fees lost as a result of the premature termination of a license agreement. (Agreement §12). In this case, DIW has not sought liquidated damages, but has instead documented some of the actual recurring fees it lost following the termination of the agreement. I therefore award DIW damages for recurring fees after the termination date of the License Agreement.

[4] Couch Cert. = Certification of Bryan P. Couch, dated June 8, 2015, submitted in support of DIW's motion for default judgment, ECF No. 10-2.

9